JULIA KAUFMANN V. STATE OF NEBRASKA.

FILED DECEMBER 4, 1924.    No. 24119.

1. Criminal Law: VENIRE: MOTION TO QUASH. When, on the trial of a criminal case, a motion to quash the venire because of alleged disqualification of its several members is made by defendant and overruled by the court, error cannot be predicated on the ruling, in the absence of a *voir dire* examination showing that the jurors against whom the motion was directed were challenged for cause, and that defendant exercised the peremptory challenges allowed under the statute.

2. ———: INSTRUCTIONS. An instruction will not be held erroneous because of a mere typographical error which cannot reasonably be said to have confused or misled the jury to the prejudice of the party complaining.

3. ———: SUFFICIENCY OF EVIDENCE. The evidence has been examined, and *held* to support the verdict.

4. ———: DUAL COUNTS. Where an indictment under section 3238, Comp. St. 1922, in its first count charges that defendant on a certain day "did unlawfully have in her possession, for the purpose of sale, intoxicating liquors," and in the second count thereof charges that defendant, on the same day as that fixed in the first count, "unlawfully kept for sale intoxicating liquors," the two counts charge one and the same offense, and upon a conviction on both counts a single penalty should be imposed.

5. ———: ———. Where an indictment under section 3238, Comp. St. 1922, in count 3 charges that defendant on a day cer-

tain "did unlawfully sell intoxicating liquors," and in count 4 charges that defendant, on the same day as that fixed in count 3, did "unlawfully give away intoxicating liquors," and does not clearly charge different acts, the two counts charge one and the same offense, and upon a conviction upon both counts, a single penalty should be imposed.

ERROR to the district court for Cass County: JOHN B. RAPER, JUDGE. *Affirmed as modified.*

*A. L. Tidd,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

Defendant was placed on trial under an indictment which in four counts charged violations of section 3238, Comp. St. 1922. The jury returned a verdict of guilty on each count. The court imposed a separate sentence on each count in the indictment, and defendant has prosecuted error to this court. The grand jury that returned the indictment under which defendant was tried also returned an indictment against the sheriff of Cass county. The indictment against the sheriff charged that he was guilty of malfeasance in office in failing to apprehend and prosecute defendant for the acts set out in the indictment returned against her. A jury selected from the regular panel was duly impaneled and sworn to try the sheriff on the indictment returned against him, but, because of an incident which arose after the taking of considerable evidence, that jury was discharged. At the same term of court, and subsequent to the mistrial of the sheriff, defendant was arraigned and placed on trial. Her counsel filed objections to the venire and alleged that 12 of the jurors then members of the reguar panel, as sworn jurors, had heard the evidence in the case against the sheriff; that 11 other members of the regular panel were in the courtroom when

the opening statements of the respective counsel were made to the jury in that case; that they had heard the testimony there adduced; and alleged that the testimony adduced in the case of the state against the sheriff was given largely by the same witnesses who would be called as witnesses in the trial of defendant, and that the facts developed on that trial constituted the gist of the state's case against defendant. Defendant's objections were overruled.

It is claimed that the ruling on these objections denied defendant a trial by an impartial jury as guaranteed by section 11, art. I of the Constitution, and that it is in conflict with the opinion of this court in *Seaton v. State*, 106 Neb. 833. After a thorough examination of the record, in so far as it relates to the issue outlined, we find that none of the persons who were impaneled and sworn to try the case against the sheriff served as jurors in the instant case, and that of the 11 other members of the regular panel, who it is alleged were present in the courtroom and as spectators heard the opening statements of counsel and the evidence given in that case, only two served upon the jury in the instant case. The *voir dire* examination of the jury was not preserved, nor does the record in any way inform us as to whether or not any jurors were challenged for cause, or that defendant exercised the peremptory challenges allowed her under the statute. In the case of *Seaton v. State, supra,* relied upon by the defendant, the record affirmatively shows that defendant exercised every means available to avoid the submission of his case to any of the jurors alleged to have been disqualified. The rule is well settled that "A party by failing to exercise his right of peremptory challenge will be held to have waived any objection on account of the disqualification of a juror then known to exist." *Morgan v. State,* 51 Neb. 672.

In one of the instructions given by the court in quoting the clause of the statute which provides that the possession of intoxicating liquor "shall constitute *prima facie* evidence that it was kept by such person with the purpose of unlawful sale, use or disposition in violation of law," the words

Kaufmann v. State.

"the purpose of" which in the statute stand between the words "with" and "unlawful" are omitted from the instruction. Because of this omission, the giving of the instruction is assigned as error. Any person familiar with the use of the English language, on even a casual reading, would discover that a typographical error had been made, but he would be neither confused nor misled as to the law applicable to the case. The omission of these words did not make the instruction prejudicially erroneous.

There is the further contention that the evidence does not support the verdict. We shall not undertake to set out the evidence. It has been examined and found sufficient to sustain the finding of the jury.

One other matter remains to be considered. It has to do with the number of penalties to be imposed. Count 1 of the indictment charges that on July 1, 1923, defendant "did unlawfully have in her possession, for the purpose of sale, intoxicating liquors." Count 2 charges that on the same day defendant "unlawfully kept for sale intoxicating liquors." In a single sentence in the statute on which the indictment is based it is provided that it shall be unlawful for any person to "keep for sale or barter" intoxicating liquors. It is obvious that both count 1 and count 2 charge a violation of this provision of the statute. The same unlawful act is charged in each of these counts although it is charged in slightly different language, and a conviction on one count or on both counts calls for the imposition of but a single penalty.

Count 3 of the indictment charges that on July 1, 1923, defendant "did unlawfully sell intoxicating liquors." Count 4 charges that defendant did on July 1, 1923 "unlawfully give away intoxicating liquors." Again we turn to the statute and find that, in the same section which we have considered in relation to counts 1 and 2 of the indictment, it is made unlawful for any person to "give away," "or to sell," intoxicating liquors. The language of the statute is so clear as to require no interpretation. It shows upon its face the intention of the legislature to be

to make it unlawful for any person to sell intoxicating liquors or to give away intoxicating liquors. It is easy to see that the legislature desired that prosecuting officers might not be embarrassed in the enforcement of this law, and, because in many instances it might be difficult to prove whether the transaction was a sale or was a gift, so wrote the statute that proof of either is sufficient to sustain a conviction. It therefore follows that counts 3 and 4 in substance charge the same offense and call for a single penalty.

With the exception only of the judgment pronounced, the record is found free from error. The judgment entered is modified as follows: The penalty imposed under count 1 shall stand as the penalty under both count 1 and count 2; and the penalty imposed under count 3 shall stand as the penalty imposed under both count 3 and count 4; and, as thus modified, the judgment of the district court is

AFFIRMED.